UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-60470
Summary Calendar
_____


SALVADOR CHAVARRIA; IRENE CHAVARRIA, deceased,

Petitioners-Appellants,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Appeal from the Decision of the
United States Tax Court
(3833-95)
_____
May 1, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The taxpayer, Salvador Chavarria, appeals the tax court's
determination that he failed to meet his burden of proving the cost
of goods sold in connection with his used car business in Mexico
for the years 1990, 1991, and 1992.[1]  Chavarria owned a used car

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in Local Rule 47.5.4.

[1]  The estate of Chavarria's late wife is also a party to this
appeal.

dealership in Juarez, Mexico, called Autos-Oti (Autos Oti-Juarez). He also was a sixty percent shareholder in a Texas corporation that operated a used car dealership in El Paso, known as Autos Oti, Inc. (Autos Oti-Texas).

Chavarria filed Mexican income tax returns for 1990, 1991, and 1992 that reported gross receipts, cost of goods sold, and expenses for Autos Oti-Juarez. Those returns were prepared by an accountant in Mexico named Francisco Javier Bencomo. Chavarria, a resident alien, did not, however, report any income or gross receipts from Autos Oti-Juarez on his United States income tax returns for 1990, 1991, and 1992.

The Internal Revenue Service (IRS) audited Chavarria and, based on the gross receipts reported on his Mexican income tax returns for Autos Oti-Juarez, assessed deficiencies in federal income taxes of $7,875, $6,229, and $16,198, for the years 1990, 1991, and 1992. The IRS also assessed penalties for the late filing of two returns.[2] Chavarria petitioned the tax court to redetermine the deficiencies asserted by the IRS. After a trial, the tax court held that Chavarria failed to sustain his burden of proving the cost of the cars sold at Autos Oti-Juarez. The court did estimate the amount of expenses incurred in preparing the cars for sale and allowed deductions to that extent. The tax court "estimate[d] these expenses as $400 for 1990, $1,100 for 1991, and $2,500 for 1992." The court further held that Chavarria was liable

_____

[2]  The penalties are not contested on appeal.

for the penalties for late filing of returns.

Chavarria now challenges only the tax court's holding that he failed to prove the cost of the cars sold. Agreeing with the tax court, we affirm.[3]

Chavarria, as the taxpayer, bears the burden of proving that he was entitled to the claimed amount of cost of goods sold. Portillo v. C.I.R., 932 F.2d 1128, 1134 (5th Cir. 1991). We review a tax court's determination that a taxpayer has failed to produce sufficient evidence to support the amount of cost of goods sold for clear error. Id. At trial, Chavarria introduced his Mexican income tax returns to demonstrate the cost of goods sold. Chavarria testified that his accountant in Mexico prepared his tax returns for Autos-Oti Juarez. He further testified that he gave the accountant the receipts documenting the cost of goods sold and that, although he requested that the documents be returned, the accountant never complied with his request. Upon questioning by the tax court, Chavarria was unable to even approximate the amount of vehicles he sold at the Juarez dealership in 1990, 1991, or 1992.

The IRS agent who audited Chavarria testified that automobiles that had been purchased in the United States by Autos Oti-Texas were transferred from the Texas dealership to the inventory of

_____

[3] For the first time on appeal, Chavarria argues that the notice of deficiency was invalid and arbitrary and capricious. Chavarria has not shown that the notice of deficiency was invalid or arbitrary and capricious, Portillo, 932 F.2d at 1132-33; much less plain error.

3

Autos Oti-Juarez and that these transfers were not recorded in the ledgers of Autos Oti-Texas.[4]

The tax court found that Chavarria "offered nothing other than the amounts . . . claimed on their Mexican returns."  The court also expressly took into consideration the IRS agent's testimony that some of the automobiles purchased in the United States were driven to Mexico and Chavarria's inability to approximate how many cars were sold at his Mexican business during the years at issue. After considering the trial record, we conclude that the tax court's determination that Chavarria failed to come forward with sufficient evidence of his claimed amount of cost of goods sold is not clearly erroneous.

AFFIRMED.

---

[4]  Specifically, the agent testified that the "[t]axpayer said that he drove some vehicles purchased in the United States, some of the salesman would drive the autos across a bridge to the business in Mexico.  And those vehicles were charged against the outstanding debts to Autos in Juarez and also to the debt [of] the shareholder."